# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

WILLIAM F. GILYARD,                                                                           PETITIONER
Reg. #28157-044

v.                                      2:17CV00081-JLH-JJV

GENE BEASLEY,
Warden, FCI - Forrest City Low                                                           RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.       Why the record made before the Magistrate Judge is inadequate.

2.       Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.       The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## DISPOSITION

### I. PROCEDURAL HISTORY

On November 20, 2001, a jury in the Eastern District of Missouri convicted Petitioner, William F. Gilyard, of one count of possession with intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). (Doc. No. 2 at 3); see *United States v. Pherigo, et. al.,* 327 F.3d 690, 692 (8th Cir. 2003). The Court sentenced him to 276 months' imprisonment and five years of supervised release. *Id.* Mr. Gilyard appealed, and the United States Court of Appeals for the Eighth Circuit affirmed his conviction and sentence. *Id.*

In 2004, Mr. Gilyard filed a 28 U.S.C. § 2255 motion to vacate sentence in the Eastern District of Missouri. *Gilyard v. United States*, 4:04CV1092-SNL. On April 27, 2006, Senior United States District Judge Stephen Limbaugh denied Mr. Gilyard's motion and later denied his Motion for Certificate of Appealability. (*Id.*) Accordingly, the United States Court of Appeals for the Eighth Circuit dismissed his appeal of Judge Limbaugh's decision. *Gilyard v. United States*, Case No. 06-2737 (8th Cir. March 26, 2007.)

Now, Mr. Gilyard, an inmate at the Forrest City Low Federal Correctional Institute, seeks relief from this Court through the filing of a 28 U.S.C. § 2241 habeas Petition. (Doc. No. 2.) For the following reasons, I find this Court lacks jurisdiction and recommends the Petition be dismissed or transferred to the Eastern District of Missouri.

## II. ANALYSIS

At the outset, I note that while Mr. Gilyard has provided a lengthy brief in support of his Petition, he really raises just one argument– that he is not a career criminal based on recent holdings by the United States Supreme Court. I note Mr. Gilyard also states he is a "pre-Booker" (*United States v. Booker*, 543 U.S. 220 (2005)) offender (Doc. No. 3, at 1) and also advances the idea that *Mathis v. United States*, __ U.S. __, 136 S.Ct. 2243 (2016), invalidates at least one of the predicate offenses that was used to convict him as a career criminal. (Doc. No. 3 at 5-9.)

But inmates seeking to challenge the lawfulness of the imposition of their federal convictions and sentences must generally bring a 28 U.S.C. § 2255 motion to the sentencing court. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004). Because a § 2255 petition attacks the validity of the conviction or sentence, it is a "further step in the movant's criminal case," and subject matter jurisdiction lies with the convicting and sentencing court. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986); *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983). In contrast, a § 2241 habeas corpus petition attacks the execution of a sentence, or the manner in which the sentence is being carried out, and is properly brought before the court presiding in the judicial district where the prisoner is incarcerated. *Matheny v. Morrison*, 307 F.3d 709, 711-712 (8th Cir. 2002); *DeSimone*, 805 F.2d at 323; *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009). Mr. Gilyard cites to *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), and argues – somewhat persuasively – that this Court should exercise jurisdiction over his claims through § 2255(e) "savings clause." *Id*. at 594-595. But the *Hill* decision was narrowly tailored and should not apply here.

As a purely practical matter, it is the sentencing court that is in the best position to address Mr. Gilyard's claims. As the Sixth Circuit Court of Appeals aptly said:

> Our decisions indicate that § 2255 is intended to be an avenue of relief to be pursued before the court which imposed sentence. In *Martin v. Perez*, 319 F.3d 799, 802-3 (6th Cir. 2003), we explained that Congress enacted § 2255 as a means of ensuring

3

> a simpler method of review by vesting jurisdiction in the sentencing jurisdiction, which already has a record of the case, rather than in the jurisdiction of confinement, which would typically have to start from scratch. Section 2255 is not a different form of relief from § 2241, but rather, a different avenue intended to provide a more convenient process for prisoners who can pursue relief before the sentencing court. *Id.* The savings clause of § 2255 provides that, on a showing that the § 2255 remedy is "inadequate or ineffective to test the legality of the detention," a prisoner may seek a writ of habeas corpus under § 2241.

*Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004).

All of the *Witham* criteria apply here. Having already tried and failed at a § 2255 petition in the Eastern District of Missouri does not automatically render such a petition ineffective or inadequate as a matter of law. And although his application to file a successive petition was apparently previously denied, Mr. Gilyard could again apply to the Eighth Circuit for permission to file another § 2255 petition.

For this Court to be permitted to invoke jurisdiction over his § 2241 Petition, Mr. Gilyard must *prove* the inadequacy or ineffectiveness of seeking § 2255 relief from the sentencing court. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004); *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). This he has failed to do.

Mr. Gilyard believes relief from the Eastern District of Missouri is inadequate because *Descamps v. United States*, 570 U.S. __, 133 S.Ct. 2276 (2013), was not available when the sentencing court was adjudicating his § 2255 Petition. (Doc. No. 3 at 12-13.) But other courts have held that *Descamps* did not recognize a new right. *See United States v. Montes*, 570 Fed. Appx. 830, 831 (10th Cir.2014); *United States v. Davis*, 751 F.3d 769, 775 (6th Cir.2014). And the Supreme Court in *Descamps* reversed the lower court because the decision "contravene[d] our prior decisions and the principles underlying them." 133 S.Ct. at 2282. So there is no reason why Mr. Gilyard could not have made a *Descamps* claim in his original § 2255 proceeding.

I also note Mr. Gilyard states he is "factually innocent of the sentence which he is currently

4

serving." (Doc. No. 2 at 4.) The Eighth Circuit has not yet decided whether a claim of "actual innocence" may permit a petitioner to challenge his sentence or conviction under § 2241. *Abdullah*, 392 F.3d at 959-60. Nevertheless, Petitioner's claim is really that he is *legally innocent* of being a career offender. Thus he would not be entitled to relief even if such an exception were created. *United States v. Brown*, 456 Fed. Appx. 79, 81 (3rd Cir.2012) (*per curiam*) (claim of actual innocence of being a career offender was not sufficient to establish that § 2255 was inadequate or ineffective); *cf. United States v. Lurie*, 207 F.3d 1075, 1077 n. 4 (8th Cir. 2000) ("Claims of 'actual innocence' are extremely rare and are based on 'factual innocence not mere legal insufficiency.'").

Accordingly, the Eastern District of Arkansas lacks jurisdiction so this Petition must be dismissed or transferred. Because Mr. Gilyard has already sought and was denied permission to file a successive petition, I recommend dismissal of his Petition rather than transfer.

### III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that the Petition for Writ of Habeas Corpus (Doc. No.2) be dismissed for lack of jurisdiction.

DATED this 23rd day of May, 2017.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE